UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| | |
|---|---|
| SONYA M. MULL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:11-cv-2338-STA-dkv |
| | ) |
| AVAILABLE MORTGAGE FUNDING, | ) |
| LLC; A.C.T. MORTGAGE & LOANS, | ) |
| INC.; LITTON LOAN SERVICING LP; | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| COMPANY; and NATIONWIDE TRUSTEE | ) |
| SERVICES, INC. | ) |
| | ) |
|     Defendant. | ) |

___

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
___

Before the Court is Defendant Nationwide Trustee Services, Inc.'s ("Nationwide") Motion to Dismiss (D.E. # 14), filed on July 28, 2011. For the reasons set forth below, Nationwide's Motion is **GRANTED.**

**BACKGROUND**

Plaintiff filed her Complaint on May 2, 2011 (D.E. # 1-1), seeking to enjoin a foreclosure sale of her property and rescind a mortgage loan transaction. (Compl. ¶ 1.) In her Prayer for Relief, she requested damages due to fraud in the inducement of the transaction, breach of contract, and violation of the Tennessee Consumer Protection Act. (*Id.*) Due to the legal issues in the Motion to Dismiss presently before the Court, the specific facts supporting Plaintiff's claims are not relevant and therefore will not be recited here.

Nationwide is one of five defendants named in Plaintiff's Complaint. Nationwide serves as a substitute trustee for Deutsche Bank National Trust Company (*Id.* ¶ 9) and sent Plaintiff a notice advising that a foreclosure sale of her property would be held on March 24, 2011 (*Id.* ¶ 46). Beyond its role as trustee and its act of sending Plaintiff the notice, Nationwide is not implicated in the facts set forth in Plaintiff's Complaint. In its Verified Answer, Nationwide acknowledged its role as trustee in the foreclosure sale (Verified Ans., D.E. #13-1, ¶ 9) but asserted the affirmative defense that it is not a necessary party in accordance with Tennessee law (*Id.* at 2). Nationwide has now moved for dismissal from this action on those grounds. (D.E. # 14-1.)

## STANDARD OF REVIEW

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Here, because Nationwide filed its Verified Answer[1] before filing this Motion to Dismiss, the Court will treat this Motion as a Motion for Judgment on the Pleadings under Rule 12(c).[2] Where the 12(b)(6) defense is raised under a Rule 12(c) motion for judgment on the pleadings, courts apply the standard for reviewing a 12(b)(6) motion.[3]

When considering a Rule 12(b)(6) motion, the court must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff.[4] However, legal

---

[1] (D.E. # 13-1.)

[2] *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987); Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(h)(2).

[3] *See Morgan*, 829 F.2d at 11.

[4] *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2007).

conclusions "masquerading as factual allegations" or unwarranted factual inferences, including "conclusory allegations," need not be accepted as true.[5] To avoid dismissal under Rule 12(b)(6), "the complaint must contain either direct or inferential allegations" with respect to all material elements of the claim.[6]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[7] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[8] To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

---

[5] *Id.*

[6] *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[9] *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[10] *Iqbal,* 129 S. Ct. at 1949.

## **ANALYSIS**

Tennessee law provides that "[a]ny trustee named in a suit or proceeding, as related to a sale of real property under a trust deed or mortgage, may plead in the answer that the trustee is not a necessary party by a verified denial."[11] The trustee's answer must state "the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument."[12] Within thirty days of filing of such a verified answer, "a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial."[13] If there are no such objections or the other parties fail to file a timely response, "the trustee *shall* be dismissed from the suit without prejudice."[14]

Here, Nationwide filed its Verified Answer on June 15, 2011. In its Motion, Nationwide asserts that no other party has filed an objection or response to its Verified Answer.[15] Nationwide alleges that this circumstance falls under Tennessee Code Annotated Section 35-5-116(c) because no party has objected or responded to its Verified Answer. Accordingly, the thirty-day objection and response deadline is long-past.[16] Therefore, Nationwide asserts that it is

---

[11] Tenn. Code Ann. § 35-5-116(a).

[12] *Id.*

[13] *Id.* § 35-5-116(b).

[14] *Id.* § 35-5-116(c) (emphasis added).

[15] (Def.'s Mot. to Dismiss, D.E. # 14-1, at 1-2.)

[16] (*Id.* at 3.)

entitled to dismissal from the suit.[17] Furthermore, no party has responded to Nationwide's Motion to Dismiss.

The Court finds that Nationwide has sufficiently alleged that it is not a necessary party as provided in Section 35-5-116. Both Plaintiff and Nationwide acknowledge that Nationwide's involvement in this case is solely based on its role as trustee in the foreclosure sale of the real property at issue. Plaintiff's Complaint only mentions that Nationwide is substitute trustee to the foreclosure sale[18] and states that Nationwide sent a notice of the foreclosure sale.[19] Nationwide acknowledged in its Verified Answer that it was acting as substitute trustee[20] and further reiterated this fact in its Motion.[21] Moreover, Nationwide asserted the affirmative defense that it was not a necessary party to the action. Therefore, it appears to the Court that Nationwide has satisfied the general requirements of Section 35-5-116.

However, the Court acknowledges that Nationwide has not fully complied with the requirements of Section 35-5-116(a). Its Verified Answer did not "state[e] the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust."[22] Despite this deficiency, and in light of the lack of response or objection from Plaintiff or any other defendant within the thirty days required by statute, the Court accepts

---

[17] (*Id.*)

[18] (Compl., D.E. # 1-1, ¶ 9.)

[19] (*Id.* ¶ 46.)

[20] (Verified Ans., D.E. #13-1, ¶ 9)

[21] (Def.'s Mot. to Dismiss, D.E. # 14-1, at 2.)

[22] Tenn. Code Ann. § 35-5-116(a).

Nationwide's conclusion that the Verified Answer satisfies Section 35-5-116's requirements. For these reasons, Nationwide's Motion to Dismiss is **GRANTED**.[23]

## CONCLUSION

For the reasons set forth above, Nationwide's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

                                                  s/ S. Thomas Anderson

                                                  S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 24th, 2012.

---

[23] The Court notes that Plaintiff's Complaint prays for enjoinment of the foreclosure sale of the subject property. Dismissal under Section 35-5-116 will not hinder Plaintiff's ability to seek such relief. Under Section 35-5-116(e), "dismissal of the trustee pursuant to subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale." Tenn. Code Ann. § 35-5-116(e).